IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MATTHEW DAVIS,

    Petitioner,

v.

CIRCUIT COURT FOR BALTIMORE
CITY, et al.

    Respondents.

Case No.: GJH-15-962

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

Pending is Matthew Davis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Respondent seeks to dismiss the petition as time-barred and Petitioner has not alleged he was in custody when the Petition was filed. ECF No. 4. Petitioner was granted an opportunity to respond (ECF No. 5), but has not done so.

After considering the pleadings, exhibits, and applicable law, the Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014); Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts"; *see also Fisher v. Lee*, 215 F.3d 438, 454-55 (4th Cir. 2000) (stating there is no entitlement to a hearing under 28 U.S.C. § 2254(e)(2) except in limited circumstances not applicable in this case). For the reasons that follow, the Petition will be DENIED and DISMISSED as time-barred.

### I. BACKGROUND

Davis filed this Petition on April 1, 2015, challenging his conviction for attempted robbery in 2008 pursuant to a guilty plea in the Circuit Court of Maryland for Baltimore City in

---

[1] Davis also filed a Motion to Proceed in Forma Pauperis (ECF No. 2), which will be granted by a separate Order.

case number 505145038.[2] On October 7, 2008, the Circuit Court sentenced Davis to twelve years incarceration, beginning July 17, 2005.

In an unreported opinion filed on July 20, 2010, the Court of Special Appeals of Maryland affirmed Davis's judgment of conviction. ECF No. 4-2.[3] The mandate issued on August 19, 2010. ECF No. 4-1 at 14. Davis did not seek further review of this determination in the Court of Appeals of Maryland.[4] *Id.*

On January 23, 2012, Davis initiated post-conviction proceedings in the Circuit Court for Baltimore City. ECF No. 4-1 at 14. On September 19, 2012, the court granted Davis the right to file a belated motion for modification of sentence. *Id.* at 15-16. On the same day, the post-conviction petition was withdrawn with prejudice. *Id.* at 16. Davis later filed another petition for post-conviction relief that was dismissed by the Circuit Court on January 15, 2014. *Id.* at 17.

**II. DISCUSSION**

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012) (emphasis added). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Dickerson v. United States*, 530 U.S. 428, 439 n.39 (2000). Respondents maintain that Davis does not allege

---

[2] For purposes of assessing the timeliness of the Petition under 28 U.S.C. §2244(d)(1)-(2), the Court deems the Petition delivered to prison authorities for mailing on April 1, 2015, the date it was signed by Davis. ECF No. 1 at 7; *see Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

[3] The state case is captioned *Matthew David, aka Matthew Davis v. State of Maryland*. ECF No. 4-2.

[4] Davis states he filed a Petition for Writ of Certiorari to the Maryland Court of Appeals, providing "2008-2011" as the date of the decision rendered. ECF No. 1 at 3. It is likely that Davis, a self-represented litigant, refers to the decision issued by the Court of Special Appeals of Maryland.

2

he was in state custody under the judgment challenged at the time he filed his petition. Respondents urge dismissal of the Petition for failure to meet the "in custody" requirement.

In the alternative, Respondents seek dismissal of the Petition as untimely filed. For the reasons that follow, even if Davis has satisfied the "in custody" requirement, this case is time-barred and will be dismissed.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d) (2012).[5] This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

As noted, the Court of Special Appeals of Maryland affirmed Davis's judgment of conviction, and the mandate issued on August 19, 2010. Davis did not seek further review of this determination in the Court of Appeals of Maryland. Under these facts, Davis' conviction became final and the limitations period started to run on Tuesday, September 7, 2010. *See* Md.

---

[5] This section provides:

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

Rule 8-302 (requiring certiorari petition to be filed in the Court of Appeals no later than fifteen days after the Court of Special Appeals issues its mandate). The one-year limitations period expired on September 7, 2011, several months before Davis initiated state post-conviction review. Although his state post-conviction petition could have tolled the limitations period, that petition was not filed until January 23, 2012.

Davis filed the instant federal petition on April 1, 2015, long after the one-year limitations period had expired. Davis did not file any related and "properly filed state post-conviction or other collateral proceedings" to toll the limitations period. *See* 28 U.S.C. §2244(d)(2). Davis does not argue principles of equitable tolling apply here. Accordingly, the Court will dismiss the petition as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, the Court declines to issue a Certificate of Appealability because Davis has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

For these reasons, the Court will deny and dismiss the Petition as untimely filed, and declines to issue a Certificate of Appealability. A separate Order follows.

Dated: November 30th, 2015

GEORGE J. HAZEL
United States District Judge